UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TRACY MCNAIR<br>    **Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    **Defendant.**<br><br>*In re: Tracy McNair v. Hampton Roads Community Health Center and Dr. Markovic Vladimir Case No. GV20014031-00, Norfolk General District Court* | Civil Action No. 2:21cv51 |

## MEMORANDUM SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I.     INTRODUCTION

This case involves a claim of medical malpractice initially filed as a Warrant in Debt by Plaintiff in the General District Court for the City of Norfolk against Hampton Roads Community Health Center ("HRCHC") and "Dr. Markovic Vladimir."[1] The matter was removed from the state court to this Court on January 25, 2021, and the United States substituted as the proper defendant for named defendants, HRCHC and Dr. Markovic.

HRCHC and its physician employees have been deemed employees of the Public Health Service ("PHS") by the Department of Health and Human Services ("HHS") pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. As PHS employees, the exclusive remedy for alleged malpractice arising within the scope of their PHS employment lies against the United States in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671 *et*

---

[1]    The correct name of the defendant doctor is Dr. Vladimir Markovic, not Dr. Markovic Vladimir. Exhibit 1 (Declaration of Meredith Torres) at ¶ 4. Throughout the remainder of this motion, the doctor will be referred to by his correct name.

*seq.* ("FTCA"). 42 U.S.C. § 233(a) and (g). The FTCA, however, mandates that no action against the United States may be commenced unless and until the plaintiff has exhausted his or her administrative remedies. Because Plaintiff has not done so, sovereign immunity has not been waived and the district court lacks jurisdiction. Plaintiff's claim against the United States (derived from her Warrant in Debt against HRCHC and Dr. Markovic) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Based on the allegations in the Warrant in Debt, Plaintiff appears to contend that the defendants "damaged [her] left hand" during an August 8, 2018, office visit (presumably with Dr. Markovic),[2] and that providers failed to act appropriately when she "asked for a specialist." *See* Notice of Removal Ex. 1.

On August 17, 2017, the Department of Health and Human Services issued a "deeming notice" to Portsmouth Community Health Center, HRCHC's official corporate parent[3] and Dr. Markovic's employer. Exhibit 2; *see also* 42 U.S.C. § 233(g)(1)(A), (D) and (E); § 233(h). The notice "deemed" Portsmouth Community Health Center and all its full and part time employees, and all contractors who are licensed or certified health care practitioners providing full-time services, to be PHS employees for the 2018 calendar year.[4] Exhibit 2. The Center's "deeming" continues to the present day. *Id.* As a result, during the time of the alleged negligence, HRCHC

---

[2]   Although Dr. Markovic is not identified in the Warrant in Debt's narrative, in the case caption Plaintiff specifically referenced Dr. Markovic after identifying HRCHC.

[3]   Portsmouth Community Health Center does business as HRCHC. Exhibit 1 at ¶ 2.

[4]   The August 17, 2017 Notice was a renewal, as Portsmouth Community Health Center had been deemed a PHS employee in prior years. Exhibit 2; Exhibit 1 at ¶ 2.

2

and Dr. Markovic, a full time employee of HRCHC, were deemed employees of the PHS. *Id.*; Exhibit 1 at ¶¶ 2-4.

On January 20, 2021, and in accordance with 42 U.S.C. § 233(c), the Acting United States Attorney for the Eastern District of Virginia certified that HRCHC and Dr. Markovic were acting within the scope of their employment as deemed employees of the Public Health Service at the time of the incident in question. *See* Notice of Removal Ex. 2.

Plaintiff has not presented an administrative tort claim for the alleged medical malpractice by HRCHC and Dr. Markovic to the Department of Health and Human Services as required by 28 U.S.C. § 2675(a). Exhibit 1 at ¶¶ 5-7.

### III. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

The burden to prove subject matter jurisdiction rests solely with the party seeking to invoke the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When, as here, the United States is the defendant, that burden requires the plaintiff to prove that there is an unequivocal waiver of sovereign immunity permitting the claims. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

A jurisdictional challenge may attack the sufficiency of a complaint's jurisdictional allegations, or the veracity of the allegations themselves. *Adams*, 697 F.2d at 1219. If the latter, a court may consider and weigh evidence outside the pleadings, *id.*, and is not required to accept as true the allegations in a plaintiff's complaint. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988).

### IV. ARGUMENT

Under the Public Health Service Act as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et seq.*, eligible community health centers and

3

their employees may be deemed employees of the PHS, and thus Government employees, for purposes of medical malpractice tort liability. 42 U.S.C. § 233; *Robles v. Beaufort Memorial Hospital*, 482 F. Supp. 2d 700, 703 (D.S.C. 2007); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 289 F.Supp.2d 392, 395 (S.D.N.Y. 2003). Specifically, once "deemed," an entity and its covered employees are considered to be PHS employees "for purposes of this section," 42 U.S.C. § 233(g)(1)(E), and provided that the Attorney General (delegated to the United States Attorney) certifies that the acts out of which the lawsuit arise occurred within the scope of the alleged offender's PHS office or employment, the exclusive remedy for alleged malpractice by the PHS entity or employee lies solely against the United States pursuant to the provisions of FTCA. 42 U.S.C. § 233(a) and (c). Upon such certification, any such case filed in state court must be removed to federal court, and the United States substituted as the named defendant; the case then proceeds as if it were an FTCA action solely against the United States. *Id.*

The FTCA, in turn, is a limited waiver of sovereign immunity and, as with all such waivers, must be strictly construed in favor of the sovereign. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005); *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts."). One of the FTCA's limitations is the administrative claim requirement which provides that a tort action against the United States "shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b) (barring tort claims against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...."); *see also Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986) (explaining the purposes of the administrative claim requirement). The

filing of an appropriate and timely administrative claim is a non-waivable jurisdictional prerequisite to filing suit against the United States. *Kokotis*, 223 F.3d at 278 ("A key jurisdictional prerequisite to filing of suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident."); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (claim requirement "is jurisdictional and may not be waived."). A claim is presented:

> [w]hen a Federal Agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant . . . .

28 C.F.R. § 14.2(a); *see also*, *Ahmed*, 30 F.3d at 516-17.

Here, Plaintiff alleges negligence by Dr. Markovic and HRCHC, but both are deemed PHS employees. Exhibits 1 and 2. Accordingly, Plaintiff's claim can only proceed *in court* if she has pursued and completed the administrative tort claim process with HHS. But as evident by the Declaration of Meredith Torres, Senior Attorney with the Department of Health and Human Services, she has not. Exhibit 2 at ¶ 7. The filing of a state court action neither satisfies nor relieves Plaintiff of that requirement. *Henderson*, 785 F.2d at 123-25; *see also Pyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (district court cannot stay proceeding while a plaintiff pursues the administrative claim process). Accordingly, dismissal of Plaintiff's Complaint is mandated. *See Crack v. U.S.*, 694 F. Supp. 1244, 1246-47 (E.D. Va. 1988) (Ellis, J.) (claim was mailed but not received by agency; dismissal for failure to exhaust required even though agency was aware of the accident, claims office had opened a filed and state court action had been filed).

## V. CONCLUSION

For the reasons stated, Plaintiff's Warrant in Debt should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

                                              Respectfully submitted,

                                              UNITED STATES OF AMERICA,
                                              Defendant

                                              RAJ PAREKH
                                              Acting United States Attorney

By:   /s/ *Kent P. Porter*
         Kent P. Porter, VSB No. 22853
         Supervisory Assistant United States Attorney
         Office of the United States Attorney
         101 West Main Street, Suite 8000
         Norfolk, Virginia 23510-1671
         Telephone: (757) 441-6331
         Facsimile: (757) 441-6689
         Email: kent.porter@usdoj.gov
         *Counsel for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 25th day of January, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, and further certify that I will mail copies of the foregoing and the Notification of Electronic Filing by U.S. mail, postage paid, to the following non-filing user(s):

TRACY MCNAIR
3801 Chatham Circle, Unit 2
Norfolk, Virginia 23513
*Pro se Plaintiff*

By:   /s/ *Kent P. Porter*
       Kent P. Porter, VSB No. 22853
       Supervisory Assistant United States Attorney
       Office of the United States Attorney
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510-1671
       Telephone: (757) 441-6331
       Facsimile:  (757) 441-6689
       Email:  kent.porter@usdoj.gov
       *Counsel for United States of America*